THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY JAMES, Defendant-Appellant.

First District (3rd Division)   No. 1—96—4103

Opinion filed November 26, 1997.

Rita A. Fry, Public Defender, of Chicago (Greg Koster, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Colleen Reardon, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LEAVITT delivered the opinion of the court:

After a bench trial, defendant Terry James, also known as Terry Lockett and Terry Johnson, was found guilty of possession with intent to deliver more than 1 gram but less than 15 grams of cocaine and possession with intent to deliver the same amount of cocaine within 1,000 feet of residential property owned, operated and managed by a public housing agency and sentenced to seven years in prison. Defendant contends that he was denied effective assistance of counsel at trial where counsel failed to discover before trial that the residential property was not operated and managed by a public housing agency.

At trial, the evidence established that at 5:50 a.m. on March 31, 1995, after receiving a radio message that a man was selling drugs in front of 2830 West Flournoy in Chicago, Chicago police officer Chibe proceeded to that location where he observed defendant conducting a "hand-to-hand exchange" with a woman. When the officer drove up to defendant, someone shouted "Five-0" and defendant fled. The officer pursued defendant on foot and when he was within 10 feet of him, he observed defendant drop a package later determined to contain 2.14 grams of cocaine. The officer retrieved the package, radioed defendant's location to another officer and continued to chase defendant. When Officer Chibe arrived at 2826 West Flournoy, the other officer had defendant in custody. According to Officer Chibe, the entire incident occurred within 1,000 feet of Chicago Housing Authority (CHA) property.

Within 30 days of the trial, defense counsel filed a motion to reconsider the finding of guilt or to allow the defense to reopen its case, asserting that the State did not prove that the incident and ar-

rest occurred within 1,000 feet of residential property owned, operated and managed by the CHA. The motion further asserted that on the day after trial, defense counsel received a report that the housing project in question was operated and managed by a private agency.

At a hearing on the motion, defense counsel admitted that although he had hired an investigator to determine whether the crime occurred within 1,000 feet of CHA property, and he had not yet received a report, he had agreed to proceed to trial without a report because defendant told him that the measurement was correct. He stated that he had included the investigator's report with his memorandum, including the name, address and telephone number of the management company. However, the report is not in the record on appeal.

In defendant's brief, his only contention is that he was deprived of effective assistance of counsel because counsel failed to discover before trial that the residential property where the crime occurred was not operated and managed by the CHA and, as a result, he was convicted of a Class X felony instead of a Class 1 felony. He does not contest that the property in question was owned by the CHA.

■ In *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), the Supreme Court held that to succeed on a claim of ineffective assistance of counsel defendant must demonstrate that counsel's performance was deficient and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. If it is easier to dispose of an ineffectiveness claim on the basis of lack of sufficient prejudice without determining ineffectiveness, a court should do so. *People v. Albanese*, 104 Ill. 2d 504, 527 (1984).

■ In the case at bar, defendant has provided this court with no evidence that the CHA building in question was operated and managed by an entity other than the CHA. Further, even if the investigator's report was present in the record, we are not convinced that it would have shown that CHA did not continue to operate and manage the building. In the Housing Authorities Act (310 ILCS 10/1 *et seq.* (West 1994)), the CHA is not only given the power to operate and manage CHA buildings, it is empowered to contract with others to perform those services. 310 ILCS 10/8.2 (West 1994). Private management was the gist of counsel's representation to the court in his motion after trial. However, defendant has presented no evidence to indicate that by contracting with others for certain services the CHA relinquished its operation or management of the building or its ability to terminate the employment of the private management companies with which it had contracted. Accordingly, we find no evi-

dence that defendant was prejudiced by the absence of the investigator's report or was deprived of effective assistance of counsel.

For these reasons, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we grant the State's request and assess defendant $100 as costs for this appeal.

Affirmed.

GORDON and CAHILL, JJ., concur.